# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF SOUTH CAROLINA

# BEAUFORT DIVISION

| | |
|---|---|
| Devoun Bennett, Kelvin Bowen, Dexter Crawford, Laquinces D. Davis, Jessie Holt, Devodus Rouse, Davon Clark, and William Greene,<br><br>Plaintiffs,<br><br>v.<br><br>South Carolina Department of Corrections, Warden Larry Cartledge, individually and in his official capacity as warden of Broad River Correctional Institution and Warden Dennis Bush, individually and in his official capacity as warden of Broad River Correctional Institution<br><br>Defendants. | CIVIL ACTION NO. 9:18-1148-MBS-BM<br><br><br><br>**ORDER** |

This action was originally filed by the named Plaintiffs in the South Carolina Court of Common Pleas, Fifth Judicial Circuit (Richland County). The case was subsequently removed to this United States District Court by the Defendants on April 26, 2018. The Complaint listed eight individuals as the party Plaintiffs in this case, all of whom are inmates with the South Carolina Department of Corrections (SCDC). The named Defendants are the SCDC, as well as Larry Cartledge and Dennis Bush, both of whom served as the Warden at the Broad River Correctional Institution (BRCI), where all of the Plaintiffs are allegedly housed. Plaintiffs assert claims under the



1

South Carolina Tort Claims Act (SCTCA), as well as pursuant to 42 U.S.C. § 1983.[1]

Plaintiffs' claims relate to their conditions of incarceration at BRCI,[2] with the Defendant SCDC being the named party Defendant for purposes of Plaintiffs' tort claims, and Wardens Cartledge and Bush being named as the party Defendants for Plaintiffs' federal § 1983 claims. However, while all of the named Plaintiffs were housed at BRCI during the time periods alleged, their claims are based on individual acts or occurrences that have occurred to each Plaintiff individually, as is clearly set forth in the Complaint. See, Complaint, ¶ ¶ 25-219. All of the actions and/or incidents alleged with respect to each individual Plaintiff occurred on a different date, involve different correctional officers (to the extent any officers are named at all), all arose out of different fact situations, and all took place under differing circumstances. Further, the claims of some of the named Plaintiffs appear to encompass conduct or activities that occurred while they were housed at different correctional institutions other than BRCI (which would not involve Wardens Cartledge and Bush), and while each Plaintiff appears to assert a failure to protect claim, some of the Plaintiffs also appear to be asserting medical claims or potentially other types of claims, such as claims relating to investigations or disciplinary hearings (or the lack thereof). Moreover, while Plaintiffs' First Cause of Action seeks temporary and permanent injunctive relief to correct alleged deficiencies in "policies, procedures, habits, customs, usages, training and supervision" by the "supervisor Defendants",

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).

[2] Only Clark and Greene (according to the Complaint) are still housed at BRCI. Bennett, Bowen and Holt are now at the Lieber Correctional Institution (LCI), Crawford and Davis are at the Evans Correctional Institution (ECI), while Rouse is at the Perry Correctional Institution (PCI).



2

Plaintiffs' remaining causes of action all seek monetary damages, with each cause of action being specifically delineated as "being a separate cause of action for each named Plaintiff - and each incident being a separate [incident or] occurrence" or "a separate cause of action for each named Plaintiff and each incident . . . ." See, generally, Complaint.

The Defendants filed a motion to sever the Plaintiffs' claims on May 2, 2018. Thereafter, on May 17, 2018, Plaintiffs filed a response asking that the case not be severed or, in the alternative, that it only be severed into three (3) cases as opposed to eight (8) cases.[3] This matter is now before the Court for decision.

Initially, the Court finds that the Complaint as filed fails to comply with Rule 20 of the Fed.R.Civ.P. concerning joinder of claims and parties. Rule 20 provides that Plaintiffs may join together in one action only if the right to relief being asserted arises out of the same transaction, occurrence, or series of transactions or occurrences, and involves a question of law or fact common to all Plaintiffs. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1583 (3d ed. 1998) [Noting that, under Rule 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed]. Further, consolidation of claims is not appropriate where the claims at issue are in fact separate claims based on totally separate actions alleged to have been committed at different times and involving different individuals. Cf. Harris v. L & L Wings, Inc., 132 F.3d 978, 981, n. 2 (4th Cir. 1997) [Consolidation appropriate only where claims asserted rely on the same witnesses, allege the same misconduct, and are answered with the same defenses]. Here, Plaintiffs' claims will require individualized findings of both law and fact for

---

[3] Plaintiffs attached three (3) proposed Amended Complaints to their motion.

3

each Plaintiff, as one or more of the Plaintiffs may have been subjected to conduct or actions which might, as applied to that Plaintiff, present a possibly viable claim, while another Plaintiff may not have. Similarly, some Plaintiffs may be found to have properly exhausted their administrative remedies before this lawsuit was filed, while others may not have. It may also be the case that one or more of the Plaintiffs may have already litigated the claim they assert in this case in a previous pro se case. Moreover, damages, if awarded, will also need to be determined individually. As such, the Complaint fails to comply with the requirements of Rule 20. Therefore, Defendants' motion to sever is **granted**. See Rule 20(a), Fed.R.Civ.P.; see also Rule 21, Fed.R.Civ.P; Rule 20(b), Fed.R.Civ.P.; 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652(3d ed. 2001) [Discussing the court's discretion to deny permissive joinder where it determines joinder would not foster the objectives of Federal Rule of Civil Procedure 20 but would instead "result in prejudice, expense, or delay"].

As noted, Plaintiffs have submitted three (3) proposed new pleadings for the Court to consider upon the granting of the motion to sever. Two of these are separate Complaints submitted on behalf of Plaintiffs Dexter Crawford and Devodus Rouse. Those Complaints can be filed, and will then succeed or fail on their own merits. The Clerk is therefore directed to file the proposed Amended Complaints for Crawford and Rouse on the docket and to assign a separate civil action number to those cases.[4] Case assignment for those cases should then be made pursuant to the normal prisoner state-wide rotation, with service thereafter by the Plaintiff as provided by Rule. Cf. Coughlin

---

[4]The District Court filing fee will need to be paid for each of these new cases, unless IFP status is granted. Failure to comply with this requirement may result in a dismissal of the case. Cf. Sutcliffe v. S.C. Supreme Court, No. 16-992, 2016 WL 2594397, at * 1 (D.S.C. May 4, 2016) [Noting that "payment of one fee does not cover multiple plaintiffs under the PLRA"].

4



v. Roughs, 130 F.3d 1348, 1350 (9th Cir. 1997) [Discussing procedure for separating out cases]; see also Williams v. Jones, No. 14-787, 2014 WL 2155251, at * 11 (D.S.C. May 22, 2014.).

With respect to the proposed Multi-Plaintiff amended pleading,[5] the Court cannot at this time make a determination as to whether this pleading cures the previous problems noted with these claims being pursued by the Plaintiffs all in one case. See, discussion, supra. While the proposed Multi-Plaintiff amended pleading casts these six (6) Plaintiffs' claims as all arising out of the same general operative facts, it provides few specifics,[6] and the Court is further constrained to note that many of the claims now being asserted as having been suffered by *each* Plaintiff in the proposed amended pleading were specifically *not* claims asserted by each of these Plaintiffs in their separate recitations of what had happened to them (and which gave rise to their respective claims) in the original Complaint filed in this action.[7] Cf. Harris, 132 F.3d at 981, n. 2 [Consolidation appropriate only where claims asserted rely on the same witnesses, allege the same misconduct, and

---

[5]The "Multi-Plaintiff" proposed pleading referenced hereinabove is the third proposed Amended Complaint, which still has six (6) Plaintiffs. See, discussion, infra.

[6]Conclusory allegations which contain no specific facts are generally found to be insufficient to allow maintenance of case. Cf. Irvin v. Owens, No. 10-1336, 2012 WL 1534787 at * 4 (D.S.C. Apr. 30, 2012) [General statement that Plaintiff believed conditions at Institution placed him in danger not sufficient]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory."]

[7]As only one example, Plaintiff Bowen did not assert any medical claims in the original Complaint, and in fact alleged that after he was attacked by other inmates, he was seen by medical and then transported to Palmetto Richland Hospital, where he was treated for his wounds. He then received additional treatment after returning to the prison. See Complaint, ¶¶ 58-60. However, in the new proposed Multi-Plaintiff Complaint, Bowen (as one of the Plaintiffs) now alleges (without providing any specifics) that the Defendants "fail[ed] to provide [him] necessary, appropriate and proper medical and mental health care . . . ." See Court Docket No. 9-3, pp. 11, 15.



5

are answered with the same defenses]. No explanation is provided in Plaintiffs' brief for why certain of the Plaintiffs' claims have now materially changed.[8] Therefore, prior to ruling on whether the proposed amended Multi-Plaintiff Complaint should be filed, **IT IS ORDERED** that the parties submit supplemental briefs to the court by September 7, 2018, addressing the claim discrepancies between the original and proposed amended Complaints, whether the proposed amended Multi-Plaintiff Complaint sets forth sufficient facts to state a "plausible" claim for relief under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and whether the amended Complaint otherwise complies with Rule 20 of the Fed.R.Civ.P. concerning joinder of claims and parties by September 7, 2018. The Court will then issue such further orders as are necessary or appropriate with respect to the claims of these six (6) remaining Plaintiffs.

This Order does not address any Plaintiffs' claims on the merits, nor has any named Plaintiff herein lost his right to litigate any of the claims he has pled to date solely by virtue of the entry of this Order and the severing of these claims.

**IT IS SO ORDERED.**

Bristow Marchant
United States Magistrate Judge

August 28, 2018
Charleston, South Carolina

---

[8]The Court also notes that the original Complaint contained specific allegations as to how each of these Plaintiffs were allegedly attacked which reflect different dates, different officers, varying locations and circumstances, different attackers, and different responses from the officers. These factual allegations are omitted from the new proposed Complaint.

6